IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| REGINALD GOLDSMITH, | ) |
| Petitioner, | ) |
| | ) NO: 1:20-CV-00014 |
| v. | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE HOLMES |
| GRADY PERRY, WARDEN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Pending before the Court is Reginald Goldsmith's pro se, in forma pauperis petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (Doc. No. 1). Petitioner is an inmate of the South Central Correctional Facility in Clifton, Tennessee.

Petitioner initially filed his petition in the Western District of Tennessee. (Doc. No. 1). By Order entered on March 23, 2020, the Honorable Thomas L. Parker transferred this action to this Court. (Doc. No. 5).

## I. INTRODUCTION

Petitioner was indicted on May 5, 2015, by a Davidson County Criminal Court jury for six counts of rape of a child and one count of aggravated sexual battery. *See Goldsmith v. Tenn.,* No. M2018-01814-CCA-R3-PC, 2019 WL 4187608, at *1 (Tenn. Ct. Crim. App. Sept. 4, 2019). On February 3, 2016, Petitioner pled guilty to two counts of rape of a child, and the remaining counts were dismissed. *Id.* The court sentenced Petitioner to two concurrent sentences of thirty-two years, and he did not file an appeal. *Id.*

Petitioner subsequently filed a petition for post-conviction relief. *Id.* The post-conviction court dismissed his petition as untimely, noting that Petitioner had not asserted any exceptions to

the one-year statute of limitations. *Id*. Petitioner filed a notice of appeal and, on January 30, 2019, the Tennessee Court of Criminal Appeals dismissed his appeal after he failed to comply with the Court's order to file a brief within 30 days. *Id*. Petitioner then filed a motion to rehear, which the Court granted. *Id*. Upon rehearing, the Court affirmed the summary dismissal of his post-conviction petition as time-barred and concluded that Petitioner had waived his due process claim. *Id*.

On March 16, 2020, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus challenging his 2016 conviction and sentence. (Doc. No. 1). In that petition, he states that he filed a motion to reopen his post-conviction petition in December 2019 (*id*. at 2) and the motion is "currently pending." (*Id*. at 3).

## II. PRELIMINARY REVIEW OF SECTION 2254 CASES

Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine Section 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to habeas corpus relief, then the "the judge must dismiss the petition . . . ." *Id*.

The law is well established that a petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Irick v. Bell*, 565 F.3d 315, 323 (6th Cir. 2009). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). Exhaustion means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly

presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). Where a habeas corpus petitioner fails to exhaust all state court remedies for each claim in his petition, a district court must dismiss the petition. *Rose v. Lundy*, 455 U.S. at 522.

Here, Petitioner states that he has a motion to reopen his post-conviction petition "currently pending" in state court. (Doc. No. 1 at 3). Given the absence of an allegation that Petitioner's state court remedies are futile or unavailable, it appears that Petitioner has failed to exhaust his state court remedies prior to filing this action.

Acknowledging that the prisoner is proceeding pro se, the Court will grant Petitioner thirty (30) days to show cause why his petition should not be dismissed for failure to exhaust his state court remedies. If the petition is dismissed for this reason, Petitioner will be permitted to timely refile his petition after he has exhausted his state court remedies.

### III. CONCLUSION

After conducting a preliminary review of Goldsmith's Section 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed for failure to exhaust state court remedies. However, Petitioner will be given thirty (30) days to show cause why his petition should not be dismissed for that reason.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

3